**DENIED and Opinion Filed December 30, 2020**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-01101-CV

### IN RE DEBORAH KAYE NATHAN, Relator

**Original Proceeding from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-81791-2019**

## MEMORANDUM OPINION
Before Justices Schenck, Partida-Kipness, and Nowell
Opinion by Justice Schenck

In this original proceeding, Deborah Kaye Nathan has filed a petition for writ of mandamus seeking the Court's assistance to overturn the trial court's order denying her objection to allowing three out-of-state witnesses to testify by videoconference in her plea proceeding. Relator contends that allowing the witnesses to testify from a remote location through videoconferencing violates her constitutional right to confront her accusers.

To obtain mandamus relief, relator must show she has no adequate remedy at law for obtaining the relief she seeks and that she has a clear right to the relief. *Powell v. Hocker*, 516 S.W.3d 488, 494–495 (Tex. Crim. App. 2017). When challenging the

trial court's judicial decision, relator has a clear right to relief if she shows the act at issue is ministerial rather than judicial in nature. *Id*. at 495. A court's decision is ministerial when the governing law is of such absolute clarity and certainty that nothing is left to the court's discretion—when the law upon which relator relies is "definite, unambiguous, and unquestionably applies to the indisputable facts of the case." *Id.* (quoting *State ex rel. Young v. Court of Appeals for Sixth Dist.*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007)). A relator may be entitled to relief even upon an issue of first impression if the governing law meets these criteria. *Id*.

After reviewing relator's mandamus petition and the mandamus record, we conclude relator has failed to show she is entitled to the relief requested.

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

201101F.P05